Filed 5/18/22  In re Ontiveros CA4/1
Opinion following transfer from Supreme Court

OPINION AFTER TRANSFER FROM THE

CALIFORNIA SUPREME COURT

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re ISRAEL ONTIVEROS on Habeas Corpus. | D077905 <br><br> (San Diego Super. Ct. Nos. SCD264642, SCD263128, and HC24134) |

ORIGINAL PROCEEDING in habeas corpus.  Steven E. Stone, Judge.  Petition denied.

Israel Ontiveros, in pro. per., and Ava R. Stralla, under appointment of the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Phillip J. Lindsay, Assistant Attorney General, Amanda J. Murray and Gregory J. Marcot, Deputy Attorneys General, for Respondent.

In 2017, Israel Ontiveros was convicted of multiple felonies and sentenced to state prison in two criminal cases.  In the first case, a jury convicted Ontiveros on two counts of assault with a deadly weapon

(Pen. Code, § 245, subd. (a)(1)), a nonviolent felony (*id.*, § 667.5, subd. (c)). With enhancements and priors, the trial court sentenced him to an effective prison term of 19 years 8 months. In the second case, Ontiveros pleaded guilty to one count of robbery (*id.*, § 211), a violent felony (*id.*, § 667.5, subd. (c)(9)). With priors, the court sentenced him to a term of seven years in prison, to run consecutively to the sentence in the first case.

Two years later, Ontiveros requested early parole consideration under Proposition 57, the Public Safety and Rehabilitation Act of 2016. Proposition 57 amended the California Constitution to provide, in relevant part, that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Cal. Const., art. I, § 32, subd. (a)(1).) The California Department of Corrections and Rehabilitation (Department) denied his request based on Department regulations implementing Proposition 57, which exclude from eligibility for early parole consideration any inmate who "is currently serving a term of incarceration for a 'violent felony,' " as defined in Penal Code section 667.5, subdivision (c). (Cal. Code Regs., tit. 15, § 3490, subds. (a)(5), (c).)

The trial court likewise denied Ontiveros's petition for writ of habeas corpus. The court reasoned that, because one of Ontiveros's convictions was for a violent felony (robbery), he was ineligible for early parole consideration under Proposition 57.

Ontiveros petitioned this court for habeas relief. He relied primarily on *In re Mohammad* (2019) 42 Cal.App.5th 719 (*Mohammad*), revd. 12 Cal.5th 518, which held that an inmate is eligible for early nonviolent offender parole consideration under Proposition 57 as long as *any* of the inmate's current convictions is for a nonviolent offense, even if he was convicted of other,

violent offenses.  (*Mohammad*, at p. 726.)  We issued an order to show cause why Ontiveros was not entitled to relief.

In response, the Attorney General argued that *Mohammad*'s interpretation of Proposition 57 is inconsistent with the intent of the voters and leads to an absurd result.  The Attorney General relied on two recent opinions that disagreed with *Mohammad*.  (See *In re Viehmeyer* (2021) 62 Cal.App.5th 973 (*Viehmeyer*), review granted June 30, 2021, S268660; *In re Douglas* (2021) 62 Cal.App.5th 726 (*Douglas*), review granted June 16, 2021, S268570.)[1]

In a published opinion, "[w]e join[ed] *Viehmeyer* and *Douglas* in disagreeing with *Mohammad*'s conclusion that an inmate serving a determinate sentence for both violent and nonviolent convictions is entitled to early parole consideration under Proposition 57." (*In re Ontiveros* (2021) 65 Cal.App.5th 899, 902-903, review granted Aug. 25, 2021, S269832.)[2]

The Supreme Court granted review in this case and *Mohammad* (as well as *Viehmeyer* and *Douglas*), and deferred further action in this case pending disposition of *Mohammad*.  (*In re Ontiveros* (2021) 282 Cal.Rptr.3d 637.)  The Supreme Court ultimately reversed *Mohammad*, "conclud[ing] that the Department acted within its discretion when it promulgated section 3490, subdivision (a)(5) of the California Code of Regulations excluding individuals

---

[1]     On March 9, 2022, the Supreme Court subsequently transferred *Viehmeyer* and *Douglas* back to the Courts of Appeal with directions to vacate.  (See *In re Viehmeyer,* 2022 WL 711236; *In re Douglas,* 2022 WL 711243.)  They have been rendered "depublished" or "uncitable."  (See Cal. Rules of Court, rule 8.1115(e)(3).)

[2]     The Supreme Court subsequently transferred this case back to us with directions to vacate.  Our original opinion has been rendered "depublished" or "uncitable."  (See Cal. Rules of Court, rule 8.1115(e)(3).)

3

currently serving a sentence for a violent felony from early parole consideration." (*In re Mohammad* (2022) 12 Cal.5th 518, 541.)

The Supreme Court transferred this case back to us with directions to "reconsider the cause in light of *In re Mohammad* (2022) 12 Cal.5th 518." We issued an order "request[ing] that the parties submit supplemental letter briefs addressing this issue." In his submission, Ontiveros concedes "[t]he arguments made on appeal are no longer viable in light of" the Supreme Court's decision. The Attorney General agrees.

We agree and accept Ontiveros's concession that his petition is no longer viable in light of *In re Mohammad*, *supra*, 12 Cal.5th 518. Accordingly, we will deny the petition.

## DISPOSITION

Our decision in *In re Ontiveros* (2021) 65 Cal.App.5th 899 is hereby vacated. The petition is denied.

HALLER, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.

4